**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

WILLIAM PRAILEAU, in rem,

                      Plaintiff,

      - v -                                       Civ. No. 1:18-CV-1196
                                                              (MAD/DJS)

UNITED STATES, *et al*,

                      Defendants.
_____

**APPEARANCES:**                                    **OF COUNSEL:**

WILLIAM PRAILEAU
Plaintiff, *Pro Se*
1108 Barrett Street
Schenectady, New York 12305

**DANIEL J. STEWART**
**United States Magistrate Judge**

### REPORT-RECOMMENDATION and ORDER

The Clerk has sent for review a civil Complaint filed by *pro se* Plaintiff William Praileau. Dkt. No. 1, Compl. Plaintiff has not paid the filing fee, but instead submitted a Motion to Proceed *In Forma Pauperis* ("IFP"). Dkt. No. 2, IFP App. By separate Order, this Court granted Plaintiff's Application to Proceed IFP. Now, in accordance with 28 U.S.C. § 1915(e), the Court will *sua sponte* review the sufficiency of the Complaint.

### I. DISCUSSION

### A. Pleading Requirements

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff

seeks to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed further with his action.

In reviewing a *pro se* complaint, this Court has a duty to show liberality toward *pro se* litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990), and should exercise "extreme caution . . . in ordering sua sponte dismissal of a pro se complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (emphasis in original) (citations omitted). Therefore, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556). Although the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*. "Threadbare recitals of the elements of a cause of action, supported by

mere conclusory statements, do not suffice." *Id*. (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id*. at 679 (quoting FED. R. CIV. P. 8(a)(2)). A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id*. at 678-79 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555, for the proposition that Federal Rule of Civil Procedure 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Allegations that "are so vague as to fail to give the defendants adequate notice of the claims against them" are subject to dismissal. *Sheehy v. Brown*, 335 Fed. Appx. 102, 104 (2d Cir. 2009).

### B. Allegations Contained in Plaintiff's Complaint

Plaintiff is a prolific litigator who has filed numerous prior lawsuits, in this Court and others, some involving claims nearly identical to those raised here. *See Praileau v. New York*, 2017 WL 6033738, at *2 n. 2 (N.D.N.Y. Nov. 8, 2017), *report and recommendation adopted*, 2017 WL 6033420 (N.D.N.Y. Dec. 5, 2017). Plaintiff characterizes this action as one against the United States and those he claims to be acting as its agents "as part of an enterprise engaged in covert institutionalized slavery." Compl. at p. 4. The Complaint contains a lengthy historical recitation of the history of slavery in the United States and asserts Plaintiff's position that the United States, acting as a corporation, has continued to utilize policies and practices to abuse the human rights of individuals. *Id.* at pp. 6-16.

Plaintiff then asserts eight specifically enumerated causes of action asserting claims for false imprisonment, conspiracy, and abuse of process. He seeks 500 million dollars in damages. *Id.* at p. 40.

The Complaint identifies certain individuals and entities as Defendants. Compl. at pp. 1-3. Plaintiff also identifies a number of other individuals who are "members of the conspiracy," but notes that he lacks the fiscal means to serve them with process, *id.* at pp. 3-4, and so the Court concludes that no claims are asserted against these individuals and others who, though named in the Complaint, have not been specifically identified as Defendants.

### C. Review under Section 1915(e)

"Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once 'when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" *Bruce v. Tompkins Cty. Dep't of Soc. Servs. ex rel. Kephart*, 2015 WL 151029, at *4 (N.D.N.Y. Jan. 7, 2015) (quoting *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991)). Where, however, the grounds for dismissal offer no basis for curing the defects in the pleading, leave to amend would be futile. *Kunz v. Brazill*, 2015 WL 792096, at *3 (N.D.N.Y. Feb. 25, 2015). When the basis for dismissal is a defendant's entitlement to immunity, for example, the pleading defects are "substantive rather than formal and [] leave to amend would be futile." *Jackson v. Pfau*, 523 Fed. Appx. 736, 737 (2d Cir. 2013).

*1. Sovereign Immunity*

Throughout the Complaint Plaintiff makes general allegations that the United States has acted unlawfully and/or is responsible for the actions of others Plaintiff alleges to be agents of the United States. These claims are subject to dismissal on the grounds of sovereign immunity. "Well-established principles of sovereign immunity bar suit against the United States unless it consents to be sued, the existence of such consent being a prerequisite for jurisdiction." *Pietrangelo v. U.S. Dist. Court Vermont*, 223 Fed. Appx. 20, 21 (2d Cir. 2007) (citing *United States v. Mitchell*, 463 U.S. 206, 212 (1983)). "In any suit in which the United States is a defendant, there must be a cause of action, subject matter jurisdiction, and a waiver of sovereign immunity. The waiver of sovereign immunity is a prerequisite to subject-matter jurisdiction." *Presidential Gardens Assocs. v. U.S. ex rel. Sec'y of Hous. & Urban Dev.*, 175 F.3d 132, 139 (2d Cir. 1999). "Consent to suit 'must be unequivocally expressed in statutory text, and cannot simply be implied.'" *Pietrangelo v. U.S. Dist. Court Vermont*, 223 Fed. Appx. at 21 (quoting *Adeleke v. United States*, 355 F.3d 144, 150 (2d Cir. 2004)). Plaintiff makes no contention here that any waiver of this immunity applies to the allegations set forth in the Complaint and, as such, his claims against the United States should be dismissed with prejudice.[1]

Plaintiff's claim against the United States District Court for the Northern District of New York is similarly barred by sovereign immunity. *Pietrangelo v. U.S. Dist. Court*

---

[1] The Court notes that similar claims made by Plaintiff have previously been denied under section 1915(e)(2)(B)(i) as frivolous. *Praileau v. United States*, 2017 WL 4350584, at *3 (S.D.N.Y. May 3, 2017).

*Vermont*, 223 Fed. Appx. at 22; *Neroni v. Peebles*, 2014 WL 12768331, at *3 (N.D.N.Y. June 20, 2014).

Plaintiff's claims against the New York State Unified Court System are also subject to dismissal. The Second Circuit has expressly held that "the New York State Unified Court System is unquestionably an arm of the State and is entitled to Eleventh Amendment sovereign immunity." *Gollomp v. Spitzer*, 568 F.3d 355, 368 (2d Cir. 2009) (internal quotation and citation omitted).

### 2. Absolute Immunity[2]

In actions brought under 42 U.S.C. § 1983 judges and prosecutors enjoy absolute immunity from suit for actions taken in the performance of their duties. *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994) (noting that "[j]udges enjoy absolute immunity from personal liability for 'acts committed within their judicial jurisdiction'") (quoting *Pierson v. Ray*, 386 U.S. 547 (1967)); *Hartman v. Moore*, 547 U.S. 250, 261-62 (2006) (citing *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976), for the proposition that prosecutors are absolutely immune for actions related to the prosecutorial function).

Defendants Hoye and Drago are identified by Plaintiff as County Court Judges. Compl. at p. 3. They are named as Defendants in Plaintiff's third cause of action where

---

[2] The Court notes that although immunity from suit is a defense that would be raised by a defendant, the Second Circuit has held that, for purposes of an initial review under 28 U.S.C. § 1915, a court may find that a complaint is based on an indisputably meritless legal theory if a defense "appears on the face of the complaint," and may validly raise such a claim *sua sponte*. *Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) (collecting cases throughout the various Circuit Courts of Appeal that have upheld § 1915 dismissals based upon defenses that appear on the face of the complaint). The Court notes, as set forth below, that Plaintiff will have an opportunity to present any objections he has to this Court's recommendations to the assigned District Judge.

Plaintiff appears to allege that they acted improperly in their capacity as Judges. *Id.* at pp. 20-21. Specifically, Hoye is alleged have issued an invalid judgment against Plaintiff because a valid accusatory instrument was never presented against Plaintiff. *Id.* at ¶¶ 27-28. Defendant Drago is alleged to have "validated the exercise of jurisdiction with the false accusatory instrument." *Id.* at ¶ 30.[3] This conduct clearly relates to the official duties of a judge and so Plaintiff's claims in this regard are barred by absolute immunity. *Young v. Selsky*, 41 F.3d at 51; *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009) ("[A]cts arising out of, or related to, individual cases before the judge are considered judicial in nature").

Next, Plaintiff contends that Schenectady County Assistant District Attorney Amy Burock violated his rights when she "presented a SUPERIOR COURT INFORMATION as an indictment VOTED ON BY THE GRAND JURY" in violation of New York law. Compl. at ¶ 30 (emphasis in original). These allegations clearly relate to her official duties as a prosecutor and are barred by absolute immunity. The law is well established that "absolute immunity extends to those acts, whether in or out of the courtroom, which occur in the course of the [prosecutor's] role as an advocate for the State.'" *Pinaud v. Cty. of Suffolk*, 52 F.3d 1139, 1148 (2d Cir. 1995) (quoting *Buckley v. Fitzsimmons*, 509 U.S. 259, 272 (1993)); *see also Byrne v. City of New York*, 736 Fed. Appx. 263, 265-66 (2d Cir. 2018). Thus, Plaintiff cannot state cognizable claims against these individuals and each should be dismissed with

---

[3] Similar allegations against Hoye and Drago are made in paragraphs 102-106.

prejudice.[4]

### 3. Claims against the City of New York

The last named Defendant in this action is the City of New York. Compl. at p. 2. While Plaintiff makes reference to certain events alleged to have taken place in the City of New York, *see*, *e.g.*, *id.* at pp. 26-28, Plaintiff fails to articulate in what way the City of New York itself has violated any right of Plaintiff. The claim against the City, therefore, is entirely conclusory, not supported by any factual allegations, and properly subject to dismissal under section 1915(e). *Praileau v. United States*, 2017 WL 4350584, at *4 (dismissing claim against City of New York when the complaint "provides no facts to support a claim for relief against" it). Because better pleading might enable Plaintiff to state a claim against the City of New York, this dismissal should be without prejudice.[5]

## II. CONCLUSION

**WHEREFORE**, for the reasons stated herein, it is hereby

**RECOMMENDED**, that Plaintiff's Complaint be dismissed with prejudice as to Defendants The United States, United States District Court, Northern District of New York, New York State Unified Court System, Hoye, Drago, and Burock, pursuant to 28 U.S.C. §

---

[4] These claims, or at least nearly identical claims, have also been previously dismissed as barred under the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994). *Praileau v. New York*, 2017 WL 6033738, at *4-5 (N.D.N.Y. Nov. 8, 2017), *report and recommendation adopted*, 2017 WL 6033420 (N.D.N.Y. Dec. 5, 2017).

[5] The Court notes additionally that any claim against the City of New York resulting from events in the City of New York is mostly likely properly venued in either the Southern or Eastern District of New York, not in this Court. *Peterson v. Fed. Gov't of United States*, 2017 WL 6628660, at *1 (W.D.N.Y. Oct. 24, 2017) (citing venue provision in 28 U.S.C. § 1391(b)).

1915 for failure to state a claim; and it is further

**RECOMMENDED**, that Plaintiff's Complaint be dismissed without prejudice as to Defendant City of New York pursuant to 28 U.S.C. § 1915 for failure to state a claim; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order, by certified mail, return receipt requested, upon Plaintiff.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[6] days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.</u>** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date: November 6, 2018
       Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge

---

[6] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).