UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

WILLIAM PRAILEAU,

                        **Plaintiff,**

  vs.                                         1:18-CV-1196
                                                       (MAD/DJS)
UNITED STATES OF AMERICA, *et al*,

                        **Defendants.**

---

**APPEARANCES:**                         **OF COUNSEL:**

**WILLIAM PRAILEAU**
1108 Barrett Street
Schenectady, New York 12305
Plaintiff *pro se*

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

      William Praileau, Plaintiff, acting *pro se*, filed a complaint against the United States, the United States District Court for the Northern District of New York, the New York State Unified Court System, the City of New York, Polly Hoye, Karen Drago, and Amy Burock (collectively, "Defendants"). *See* Dkt. No. 1. Plaintiff asserts that Defendants are "part of an enterprise engaged in covert institutionalized slavery." *Id.* at 4. Plaintiff enumerates eight causes of action based on false imprisonment, conspiracy, abuse of process, and conversion. *See id.* at 16, 19, 20, 23, 29, 31, 32, 38. On the same day Plaintiff filed his complaint, Plaintiff also filed an application to proceed *in forma pauperis*. *See* Dkt. No. 2.

      Magistrate Judge Daniel J. Stewart granted Plaintiff's application and conducted an initial review of the complaint. *See* Dkt. No. 5. Upon review, Magistrate Judge Stewart recommended that the Court find that Plaintiff's complaint failed to state a claim against Defendants. *See id.* at

8-9. Specifically, Magistrate Judge Stewart recommended Plaintiff's complaint be dismissed with prejudice as to the United States, the United States District Court for the Northern District of New York, the New York State Unified Court System, Polly Hoye, Karen Drago, and Amy Burock. *See id.* As to Defendant City of New York, it was recommended Plaintiff's complaint be dismissed without prejudice. *See id.* at 9. The Report-Recommendation and Order was entered on November 6, 2018 and a copy was mailed to Plaintiff the same day. *See id.* On November 26 and 27, 2018, Plaintiff submitted his objections to the recommendation. *See* Dkt. Nos. 8 & 9.

Plaintiff's objections contain a myriad of arguments against the Court's exercise of personal jurisdiction over Plaintiff. *See, e.g.*, Dkt. No. 8 (asserting the mailing of the recommended disposition was "covert subterfuge to obtain jurisdiction over the [Plaintiff]"). Plaintiff also objects to the manner in which the recommended disposition was mailed to him. *See id.* (arguing that the Court used the wrong address, improperly used a zip code on the mailing, used a "legally district [sic]" name on the mailing as compared to the name used on the recommended disposition, and all of this was willfully done under the auspices of "the corporation, THE UNITED STATES"). Plaintiff concludes with a general, all inclusive objection to the recommended disposition. *See id.*

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, "[g]eneral or conclusory objections, or objections which merely recite the same arguments presented to the magistrate judge, are reviewed for clear error. *See O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citing *Farid v. Bouey*, 554 F. Supp. 2d 301, 306 (N.D.N.Y. 2008)).

As Magistrate Judge Stewart correctly found Plaintiff's claims against the United States, the United States District Court for the Northern District of New York, and the New York State Unified Court System are subject to dismissal based on the doctrine of sovereign immunity. "Well-established principles of sovereign immunity bar suit against the United States unless it consents to be sued, the existence of such being a prerequisite for jurisdiction." *Pietrangelo v. U.S. Dist. Court Vermont*, 223 Fed. Appx. 20, 21 (2d Cir. 2007) (citing *United States v. Mitchell*, 463 U.S. 206, 212 (1983)). "Consent to suit 'must be unequivocally expressed in statutory text, and cannot simply be implied.'" *Id.* (quoting *Adeleke v. United States*, 355 F.3d 144, 150 (2d Cir. 2004)). Similarly, claims against the United States District Courts and the New York State Unified Court System are barred by the doctrine of sovereign immunity. *See Pietrangelo*, 223 Fed. Appx. at 22; *Gollomp v. Spitzer*, 568 F.3d 355, 368 (2d Cir. 2009).

Moreover, Magistrate Judge Stewart correctly held that Plaintiff's claims against Karen Drago, Amy Burock, and Polly Hoye are subject to dismissal based on the doctrine of absolute immunity. "Judges enjoy absolute immunity from personal liability for 'acts committed within their judicial jurisdiction.'" *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994) (quoting *Pierson v. Ray*, 386 U.S. 547, 554 (1967)). Plaintiff has identified Karen Drago and Polly Hoye as county judges. *See* Dkt. No. 1 at 3. Polly Hoye's alleged liability arises from "assum[ing] jurisdiction over the Plaintiff . . . [although] a valid accusatory instrument . . . was never properly acquired." *Id.* at 20. Karen Drago's alleged liability arises from the same. *See id.* (alleging that Defendant Drago "validated the exercise of jurisdiction with the false accusatory instrument"). The alleged liabilities of these County Judges clearly arises from alleged "acts committed within their judicial jurisdiction," *Pierson*, 386 U.S. at 554, and, as such, they cannot be held personally liable. *See Young*, 41 F.3d at 51.

Similarly, the doctrine of absolute immunity also "extends to those acts, whether in or out of the courtroom, 'which occur in the course of the [prosecutor's] role as an advocate for the State.'" *Pinaud v. Cty. of Suffolk*, 52 F.3d 1139, 1148 (2d Cir. 1995) (quoting *Buckley v. Fitzsimmons*, 509 U.S. 259, 272 (1993)). Defendant Amy Burock's liability arises from her prosecution of Plaintiff's criminal case. *See* Dkt. No. 1. at 31-32. Clearly these alleged acts "occur[ed] in the course of [Burock's] role as an advocate for the State," *Buckley*, 509 U.S. at 272, and she is entitled to absolute immunity. Since these Defendants are entitled to immunity from suit, Magistrate Judge Stewart correctly determined that the claims against them should be dismissed with prejudice.

Plaintiff has also named the City of New York as a Defendant and alleges that some events giving rise to this suit took place there. *See* Dkt. No. 1 at 26-28. However, the allegations fail to allege how the City of New York, itself, is liable to Plaintiff. Better pleading may enable Plaintiff to properly state a claim against the City of New York, and for this reason, the Court dismisses the claim against the City of New York without prejudice.[1]

Upon review of the Report-Recommendation and Order and the applicable law, there Court hereby

**ORDERS** that Magistrate Judge Daniel J. Stewart's Report-Recommendation and Order is **ADOPTED** in its entirety for the reasons stated herein; and the Court further

**ORDERS** Plaintiff's Complaint is **DISMISSED with prejudice** as to the United States, the United States District Court for the Northern District of New York, the New York State Unified Court System, Polly Hoye, Karen Drago, and Amy Burock; and the Court further

---

[1] The Court notes that any claim Plaintiff wishes to pursue against the City of New York resulting from events that occurred there would likely only be properly venued in either the Eastern or Southern District of New York, not in this Court. *See* 28 U.S.C. § 1391(b).

**ORDERS** that Plaintiff's Complaint is **DISMISSED without prejudice** as to the City of New York; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendants' favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: February 4, 2019
       Albany, New York

_/s/ Mae A. D'Agostino_
Mae A. D'Agostino
U.S. District Judge